IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JESS W. WHITE,

      Plaintiff,

v.                            Case No. 5:98-cv-01212

WILLIAM DUNCIL, et al.

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

On December 22, 2011, the plaintiff, proceeding *pro se*, filed a "Motion to Reopen Action" (ECF No. 104) and a "Request for Permanent Order" (ECF No. 105). On August 24, 1999, a hearing was held on the plaintiff's Motion for a Temporary Restraining Order concerning his possible placement in the mainline population at the Mount Olive Correctional Complex ("MOCC") following his participation in proceedings related to the 1986 riot at the West Virginia Penitentiary in Moundsville, West Virginia. On August 27, 1999, the undersigned entered an Order memorializing a purported agreement between the parties that included the following language:

> 2. The DOC will transfer Plaintiff to NRJCF [Northern Regional Jail and Correctional Facility][1] or will maintain Plaintiff in segregation at MOCC until further order of the court, but in no event will the DOC place Plaintiff in the mainline population of MOCC.

(ECF No. 16.) The instant motions were filed after the plaintiff had been transferred to MOCC for a period between November 29, 2011 and December 14, 2011. According to the Motion to Reopen Action (ECF No. 104), the plaintiff was housed in the medical

---

[1] The undersigned believes that the NRJCF is the facility where most West Virginia Division of Corrections prisoners are presently held in protective custody.

infirmary at MOCC between November 29, 2011, and December 7, 2011. At that time, he was placed in a segregation unit at MOCC until December 14, 2011, when he was transferred to the NRJCF.[2] According to the Division of Corrections' website, www.wvdoc.com/wvdoc/OffenderSearch, the plaintiff is presently being housed at the NRJCF.

The plaintiff seeks an Order "barring the department of corrections from housing White in the ("MOCC") Mount Olive Correctional Complex, and/or any State Facility where any of the defendants are housed that White gave statements against" and that the court issue a permanent order barring him from being housed at MOCC.

To the extent that the plaintiff's Motion to Reopen Action and Motion for Permanent Order concern the alleged "breach" of the agreement between the plaintiff and the Division of Corrections as memorialized in the undersigned's August 27, 1999 Order that the plaintiff shall be housed at the NRJCF or in a segregation unit at MOCC, but not in the mainline population at MOCC, the undersigned proposes that the presiding District Judge **FIND** that no action contrary to that Order has been taken. During the time period that the plaintiff was housed at MOCC, he was either in the infirmary or he was housed in a segregation unit, in accordance with the court's prior Order. He was not housed in the mainline population.

Furthermore, to the extent that the plaintiff has requested an Order permanently barring his incarceration at MOCC, there is no constitutional right to protective custody,

---

[2] Both the Motion to Reopen Action and Request for Permanent Order contain complaints about the plaintiff's conditions of confinement while housed at MOCC in December of 2011. Because these complaints are unrelated to the plaintiff's request for the court to readdress the order concerning where he should be housed for protective custody reasons, on January 3, 2012, the Honorable R. Clarke VanDervort, United States Magistrate Judge, directed that a separate civil action be opened to address those allegations. The separate civil action, Case No. 2:12-cv-00001, is pending before the Honorable Thomas E. Johnston, and will be addressed in a separate document.

*Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), and the Supreme Court has held that an inmate has no justifiable expectation that he will be incarcerated in any particular correctional facility. In *Meachum v. Fano*, 427 U.S. 215 (1976), and *Montanye v. Haymes*, 427 U.S. 236 (1976), the Court held that an intrastate transfer from one prison facility to another "does not directly implicate the Due Process Clause of the Fourteenth Amendment." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Thus, the plaintiff is not entitled to the relief he seeks.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion to Reopen Action (ECF No. 104) and the plaintiff's Request for Permanent Order (ECF No. 105).

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendations and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

<u>March 13, 2012</u>

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge