IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

JESS W. WHITE,

    Plaintiff,

v.                                       Civil Action No. 5:98-01212

WILLIAM DUNCIL, et al.

    Defendants.

MEMORANDUM OPINION AND ORDER

    Pending before the court is the plaintiff's pro se Motion to Reopen Action (Doc. No. 104) and Request for a Permanent Order (Doc. No. 105). By Standing Order, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Magistrate Judge Stanley submitted to the court her Findings and Recommendation on March 13, 2012, in which she recommended that the court deny plaintiff's Motion to Reopen Action and deny the Request for Permanent Order. (Doc. No. 112).

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Stanley's Findings and Recommendation. The failure of any party to file such objections within the time allotted constitutes a

waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Plaintiff timely filed his objections on March 26, 2012. The court hereby **OVERRULES** plaintiff's objections, **ADOPTS** Judge Stanley's Findings and Recommendation, **DENIES** plaintiff's Motion to Reopen case and **DENIES** the plaintiff's Request for a Permanent Order.

Factual and Procedural Background

Mr. White, plaintiff, is a long-time protective custody inmate (Special Management Status). (Doc. No. 91). On August 24, 1999, a hearing was held on the plaintiff's Motion for a Temporary Restraining Order concerning his possible placement in the mainline population at the Mount Olive Correctional Complex ("MOCC") following his participation in proceedings related to the 1986 riot at the West Virginia Penitentiary in Moundsville, West Virginia. On August 27, 1999, Judge Stanley entered an Order memorializing a purported agreement between the parties that included the following language:

> 2. The DOC will transfer Plaintiff to NRJCF [Northern Regional Jail and Correctional Facility] or will maintain Plaintiff in segregation at MOCC until further order of the court, but in no event will the DOC place Plaintiff in the mainline population of MOCC.

(Doc. No. 16). Plaintiff alleges that he suffered a stroke on November 25, 2011, and was admitted to the Ohio Valley Medical

2

Center. (Doc. No. 104, pp.1-2). He argues that his current housing situation is in violation of the previous Order by Judge Stanley.

Plaintiff filed the instant motions after plaintiff had been transferred to MOCC for a period between November 29, 2011 and December 14, 2011. According to plaintiff, he was housed in the medical infirmary at MOCC between November 29, 2011, and December 7, 2011. He was placed in a segregation unit at MOCC until December 14, 2011, when he was transferred to the NRJCF. The plaintiff is presently being housed at the NRJCF.

The plaintiff seeks an Order "barring the department of corrections from housing White in MOCC, and/or any State Facility where any of the defendants are housed that White gave statements against" and that the court issue a permanent order barring him from being housed at MOCC.[1]

Objection I.  Motion to Reopen Action.

---

[1] Both the Motion to Reopen Action and Request for Permanent Order contain complaints about the plaintiff's conditions of confinement while housed at MOCC in December of 2011. Because these complaints are unrelated to the plaintiff's request for the court to readdress the order concerning where he should be housed for protective custody reasons, on January 3, 2012, the Honorable R. Clarke VanDervort, United States Magistrate Judge, directed that a separate civil action be opened to address those allegations. The separate civil action, Case No. 2:12-cv-00001, is pending before the Honorable Thomas E. Johnston, and will be addressed in a separate document.

Magistrate Judge Stanley found that there was no "breach" of the agreement between the plaintiff and the Division of Corrections, as memorialized in Judge Stanley's August 27, 1999 Order. That Order stated that the plaintiff shall be housed at the NRJCF or in a segregation unit at MOCC, but not in the mainline population at MOCC. There is no evidence that any action contrary to the Order has been taken. During the time period that the plaintiff was housed at MOCC, he was either in the infirmary, or he was housed in a segregation unit in accordance with the court's prior Order. He has not shown that he was ever housed in the mainline population. Therefore, any part of the plaintiff's objection that deals with this finding is hereby **OVERRULED**.

Objection II. Plaintiff objects to the "Magistrate Decision and Opinion As As [*sic*] it is Contrary to and Unreasonable Application of Clearly Established Law." (Doc. No. 113, p. 2).

Plaintiff has also requested an Order permanently barring his incarceration at MOCC. Magistrate Judge Stanley held that because there is no constitutional right to protective custody, and an inmate has no justifiable expectation that he will be incarcerated in any particular correctional facility, that this petition lacks merit. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Meachum v. Fano, 427 U.S. 215 (1976); and Montanye v. Haymes, 427 U.S. 236 (1976)(Where the Court held that an

4

intrastate transfer from one prison facility to another does not directly implicate the Due Process clause of the Fourteenth Amendment).

In his objection, the plaintiff states that even if he does not have a right to relief under the due process clause, he has a right to be safe from harm. Plaintiff states that he is at risk of harm in his current situation. However, the plaintiff has not shown that the previous Order stating the conditions of his housing is in any way defective. It is certainly true that "[p]rison officials have a duty. . . to protect prisoners from violence at the hands of other prisoners." <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994). However, the plaintiff has not shown any situation where the prison officials have not met that duty in regards to his incarceration. Instead, he does not dispute that they have honored the previous Order consistently. For those reasons, the court OVERRULES the plaintiff's second objection.

## Conclusion

For the reasons stated above, the court **ADOPTS** Magistrate Judge Stanley's Findings and Recommendations and **ORDERS** as follows:

1) The Plaintiff's Objections to Magistrate Judge Stanley's Findings and Recommendations (Doc. No. 113) are **OVERRULED**;

5

2) The Plaintiff's Motion to Reopen Action (Doc. No. 104) is **DENIED**; and

3) The Plaintiff's Request for a Permanent Order is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** on this 20th day of September, 2012.

      **ENTER:**

      David A. Faber
      Senior United States District Judge